# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **YOUNT** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-7382** |
| **LAFAYETTE INSURANCE CO.** | **SECTION:  I/3** |

### ORDER AND REASONS

Before the Court is a motion to remand filed by plaintiff, Beverly B. Yount.  Plaintiff also requests that she be awarded attorney's fees and costs.  Defendant, Lafayette Insurance Co. ("Lafayette"), opposes plaintiff's motion, arguing that jurisdiction in this Court is proper pursuant to the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").  For the following reasons, plaintiff's motion to remand is **GRANTED**, and her request for attorney's fees and costs is **DENIED**.

### *BACKGROUND*

Plaintiff filed her complaint in Civil District Court for the Parish of Orleans on April 24, 2006, seeking to recover insurance proceeds allegedly due to her under the business interruption provisions of her insurance policy with Lafayette.[1]  Plaintiff contends that the office complex in which she operated her general medical practice was damaged by Hurricane Katrina on August 29, 2005; though she admits that there was no damage to her individual office suite, she argues that the complex has been closed and that she has been unable to operate her practice at that

---

[1] Rec. Doc. No. 1-2.

location since the storm.  On October 5, 2006, defendant removed this case to federal court. Plaintiff filed her motion to remand on October 10, 2006.

*LAW AND ANALYSIS*

**I. Improper Removal**

In its notice of removal, defendant contends that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1441(e).  Defendant alleges that it is also a defendant in *Abadie v. Aegis Security Insurance Co.*, Civil Action No. 06-5164 c/w 05-4182, which is currently pending in this court before Judge Duval.  Section 1441(e)(1)(B) provides for removal where "the defendant is a party to an action which is or could have been brought, in whole or in part, under [28 U.S.C.] section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter."  Defendant argues that jurisdiction exists in this Court because (1) *Abadie* could have been brought pursuant to the MMTJA, 28 U.S.C. § 1369, and (2) *Abadie* and this case arise out of the same accident, to wit, Hurricane Katrina, as that term is defined by the MMTJA.²

Courts in this district have overwhelming found that Hurricane Katrina does not constitute an accident for purposes of the MMTJA.  *See Fradella's Collision v. Lafayette Ins. Co.*, No. 06-7638, slip op. at 2 (E.D. La. Oct. 30, 2006) (Duval, J.); *Fidelity Homestead Ass'n v. Hanover Ins. Co.*, No. 06-3511, 2006 U.S. Dist. LEXIS 75345, at *14 (E.D. La. Oct. 5, 2006) (Berrigan, C.J.); *Berry v. Allstate Ins. Co.*, No. 06-4922, 2006 U.S. Dist. LEXIS 70499, at *8 (E.D. La. Sept. 19, 2006) (Zainey, J.); *S. Athletic Club, LLC*, 2006 U.S. Dist. LEXIS 66634, at

---

²The MMTJA defines an accident as "a sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons."  28 U.S.C. § 1369(c)(4).

\*16; *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 U.S. Dist. LEXIS 58264, at \*7 (E.D. La. Aug. 15, 2006) (Duval, J.). In a previous decision, this Court agreed with the reasoning its sister courts and ruled that Hurricane Katrina was not an accident for purposes of the MMTJA. *See Trosclair v. Security Plan Life Insurance Co.*, No. 06-9220, slip op. (E.D. La. Nov. 6, 2006). The Court finds no good cause to depart from its prior holding or those of other courts in this district.

This finding calls into question defendant's assertion that *Abadie* could have been brought pursuant to the MMTJA. Moreover, because plaintiff's claims do not arise out of the same accident as those in *Abadie*, defendant may not use this case to bootstrap plaintiff's claims into federal court. For these reasons, the Court lacks subject matter jurisdiction.

## II. Request for Attorney's Fees

Plaintiff also requests attorney's fees and costs for defendant's improper removal. The decision whether to award fees and costs is discretionary. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). This Court exercises its discretion not to grant plaintiff's request for attorney's fees and costs.

Accordingly,

**IT IS ORDERED** that the motion to remand filed by plaintiff, Beverly B. Yount, is

**GRANTED**, and the above-captioned case is **REMANDED** back to Civil District Court for the Parish of Orleans.

 **IT IS FURTHER ORDERED** that plaintiff's request for attorney's fees and costs is **DENIED**.

 New Orleans, Louisiana, November __7th__, 2006.

               _____
                 **LANCE M. AFRICK**
               **UNITED STATES DISTRICT JUDGE**